FILED
SUPERIOR COURT
OF GUAM

2021 JUN -9 PM 5: 16

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0059-05 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECISION AND ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| IUSTINO S. CHIRO, | ) | AND SETTING MATTER FOR TRIAL |
| DOB: 07/05/1971, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Defendant Iustino S. Chiro's

("Defendant") Motion to Dismiss For Discovery Violations and Government's Failure to

Prosecute, filed on March 25, 2021. Defendant is represented by Assistant Public Defender John

Patrick Morrison. The People of Guam are represented by Assistant Attorney General Renaida

San Nicolas. Briefing of this motion closed on April 2, 2021, without any Opposition or other

response being filed by the People.

## PROCEDURAL HISTORY

**A.    Charges Against Defendant Date Back to 2005; Defendant Continued to Evade
Service and Violate Release Conditions.**

On February 11, 2005, Defendant was charged via Indictment with Aggravated Assault

(As a 3rd Degree Felony)(2 Counts). *Indictment* (Feb. 11, 2005). On February 14, 2005, a

Summons was issued to compel Defendant's appearance at an arraignment hearing on March 16,

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 1 of 19

2005, but Superior Court marshals were unable to serve Defendant despite several attempts to do so. *Aff. of Non-Service* (March 15, 2005). The arraignment hearing was continued to May 11, 2005, and a Summons was issued to compel his attendance on that date; however, after several attempts to serve Defendant at his residence of record, marshals were again unable to do so. *Aff. of Non-Service* (May 9, 2005). On May 11, 2005, the Honorable Alberto C. Lamorena III ("Presiding Judge Lamorena") once again continued the arraignment hearing to July 6, 2005, due to the non-service, and issued another Summons. Again, the marshals were unable to locate the Defendant at his last known residence after several attempts. *Aff. of Non-Service* (June 16, 2005).

On July 6, 2005 at the scheduled arraignment hearing, Presiding Judge Lamorena ordered the re-issuance of the Summons against the Defendant and continued the arraignment hearing to August 17, 2005. A Summons issued compelling Defendant to appear for his arraignment on August 17, 2005; however, the marshals were still unable to serve the Defendant despite five (5) attempts to do so. *Aff. of Non-Service* (Aug. 9, 2005). On August 17, 2005, after several failed attempts to serve the Defendant, Judge Lamorena issued a Bench Warrant for his arrest. *Bench Warrant* (Aug. 19, 2005). The warrant remained outstanding for over *fifteen (15) years*, until it was returned on October 19, 2020.

Following the return of the warrant on October 19, 2020, Defendant was committed to the custody of the Department of Corrections and bail was set at $10,000.00 cash. Defendant appeared before Magistrate Judge Jonathan Quan on October 22, 2020, and was released on his own recognizance with conditions governing his behavior, including weekly check-in by phone to Pretrial Services and an order to appear before the Court on November 4, 2020 for his continued Arraignment Hearing. *Order of Cond. Release and Appearance Bond* (Oct. 22,

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 2 of 19

2020)("OCR"). On November 4, 2020, Defendant failed to appear and Magistrate Quan issued a Bench Warrant.

On January 27, 2021, Defendant was arrested on the warrant and on January 28, 2021, Magistrate Judge Quan committed Defendant and revoked his pre-trial release. *Return of Warrant Hrg.* (Jan. 28, 2021). Defendant was committed to the custody of the Department of Corrections based on his previous evasion of service and his failure to comply with the OCR and to appear at all criminal trial proceedings. *Commitment Order* (Jan. 28, 2021).

**B. Defendant is Arraigned Nearly 16 Years after Original Arraignment Date and Asserts Right to Speedy Trial.**

On February 3, 2021, following Magistrate Quan's revocation of his pre-trial release, Defense Counsel asserted Defendant's right to speedy trial on his behalf. *Assertion or Waiver of Speedy Trial and Request for Jury of Twelve in Felony Case* (Feb. 3, 2021). On February 4, 2021, Defendant was *finally* arraigned, nearly 16 years (15 years, 10 months and 19 days, to be exact) from the date of his original arraignment hearing on March 16, 2005.

The Court set jury selection and trial to commence on March 31, 2021. *Criminal Trial Sched. Order (Asserted)*(Feb. 18, 2021).[1] Although the speedy trial clock had been tolled until March 31, 2021, pursuant to Administrative Order of the Guam Supreme Court, the Court set trial to commence as expeditiously as possible after noting the availability of a venue for jury selection despite the limitations imposed by social distancing mandates during the COVID-19 pandemic.

The parties were before the Court on March 23, 2021, for a pre-trial conference. Defendant was present *in person* with counsel Assistant Public Defender John Morrison; the

---

[1] Although the speedy trial clock has been tolled until March 31, 2021 pursuant to the 14th Administrative Order of the Guam Supreme Court, the Court set the matter for trial well within the time set forth in the Administrative Order, or within 55 days of his assertion.

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 3 of 19

People were represented by Assistant Attorney General Renaida San Nicolas. During the Pre-trial Conference on March 23, counsel for Defendant complained that Defendant had not received *any* discovery in this case and indicated that he was contemplating filing a motion to dismiss on Defendant's behalf for discovery violations and for the failure of the People to prosecute. *Pre-trial Conference* at 9:30:56 (March 23, 2021). Despite the March 23, 2021 deadline set forth in the Trial Scheduling Order, no motions, witness lists, exhibits, agreed upon jury instructions or other mandated submissions were (or have been) filed with the Court. The Court ordered the People to *immediately* provide Defendant with all discovery in the case and continued the pre-trial conference to March 25, 2021 at 10:30 a.m.

On March 25, 2021, Defendant filed his Motion to Dismiss for Discovery Violations and Government's Failure to Prosecute and informed the Court during the continued pre-trial conference of the filing. At that time, the Court was unaware of the filing, but on the representation of counsel, found good cause to vacate the jury selection and trial due to the pendency of the potentially dispositive motion to dismiss.[2] The People requested time to respond to the motion to dismiss and indicated that they had contact with the victim in the case. *Minutes of Continued Pre-trial Conference* at 10:50:17 (March 25, 2021). As a result, the Court issued a briefing schedule and ordered as follows: the People were ordered to file any Opposition by March 30, 2021 and the Defendant was to file any Reply by April 2, 2021. The Court also ordered as follows:

> In his Reply, Defendant must indicate whether oral argument is requested; otherwise the Court will take the matter under advisement upon the closing of the pleadings on April 2, 2021. The Court shall schedule a hearing on this matter or issue trial dates following its ruling on the pending Motion to Dismiss.

---

[2] *Order After Hrg. Re. Good Cause, Tentative Ruling, Briefing Schedule* (March 25, 2021), subsequently amended by, *Amended Order After Hrg. Re. Good Cause, Tentative Ruling, Briefing Schedule* (March 26, 2021), although the Orders are substantively the same.

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 4 of 19

*Amended Order* at 6. Also during the March 25 continued pre-trial conference, Defendant confirmed that he received approximately 12 pages of discovery (specifically, the police report in the case) just that morning. Defense counsel then indicated that, based upon the discovery provided, he was contemplating filing a motion to suppress the identification of the Defendant. *Cont'd Pre-trial Conference* at 10:47:01 to 10:48:08 (March 25, 2021). By March 25, it is noted that the People still had not submitted its witness lists, exhibits, trial binders or any of the other trial materials as mandated in the Asserted Criminal Trial Scheduling Order. As of the issuance of this Decision, the People have not submitted any trial materials to the Court.

Additionally, despite requesting time to respond to the Defendant's Motion to Dismiss, the People failed to file its opposition or otherwise respond by the court-ordered deadline of April 2, 2021. Notwithstanding such failure, the Court is required to rule on the merits of the motion to dismiss.[3] As of the issuance of the instant Decision and Order, the People have not

---

[3] Where a motion is unopposed for failure of the non-moving party to file an opposition, *Petition of Quitigua v. Flores*, 2004 Guam 19 ¶ 27 requires trial courts to consider all applicable law, including cases and statutes which may be in opposition to the pending motion and which the non-moving party has the obligation to provide to the court, unless it was made clear that the party had no intention of opposing the motion. CVR 7.1(h) of the Local Rules of the Superior Court of Guam provides that "...any opposing party who does not intend to oppose the motion, shall, not later than seven (7) days after the date the last paper on that motion is filed, or the time for filing as elapsed, file and serve a notice of ... non-opposition." If opposition is intended, then Local Rule CVR 7.1 (d) and CR 1.1 (b)(1) of the Criminal Procedure Rules require a memorandum in support of thereof contain the points and authorities upon which the opposing party relies, including citations. During the hearing, the People indicated that they wished to file a response to the motion to dismiss and the Court ordered that it do so by March 30, given the Defendant's assertion of his right to speedy trial. Despite expressing such intent, the People have, once again, failed to file an opposition brief with points and authorities nor any non-opposition as required by the Rules. To its dismay, the Court observes that this is the rule, rather than the exception to the practice of the People, not solely in this, but in many other criminal cases before it. *See, e.g., People of Guam vs. Francis Jerome Taisacan,* Criminal Case No. CF0282-19, *Decision and Order Re: Def's Mot. for Reduction of Sentence* at fn. 1 (Sept. 24, 2020)(denying defendant's motion for reduction of a forty (40) year sentence for Home Invasion without the benefit of the People's response); *People of Guam vs. Sahn Johnny et al.,* Criminal Case No. CF0124-20, *Decision and Order Re. Renewed Mot. To Dismiss Rioting (As A Third Degree Felony) Charges In Indictment* (May 26, 2021)(granting motion to dismiss rioting charges for prosecution's continued failure to file Bill of Particulars and without benefit of People's opposition to the motion or statement of non-opposition). The Court continues to urge the Office of the Attorney General to ensure that it complies with all orders and rules applicable to motions practice in the trial courts of Guam. Failure to comply with the rules of criminal and civil procedure (as applicable to criminal cases) results in compromised efficiencies of the court, delay in the resolution of criminal matters, subjects the Attorney General of

*People of Guam v. Iustino Chiro,* CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 5 of 19

filed an opposition or other response to the motion to dismiss despite the Court's briefing schedule and order as well as its tentative ruling as set forth in the *Amended Order.*

## C. Court Vacates Trial For Good Cause and Releases Defendant.

The Court vacated Jury Selection and Trial, finding that Defendant's motion to dismiss is dispositive of the case against him, and, therefore, constituted "good cause" to continue trial during the pendency of the motion.[4] Defense counsel expressed frustration with the tolling of the speedy trial clock, arguing that it essentially denied Defendant a "speedy" trial. However, the Court, citing to legal authority for tolling speedy trial in this case, vacated the trial and set out to expeditiously issue its decision herein. *Id.* In order to mitigate prejudice to the Defendant by his continued detention during the pendency of the motion to dismiss and the adjudication of this case, the Court *sua sponte* released the Defendant, finding that he had been held for nearly ninety (90) days as a sufficient sanction for his failure to appear at his arraignment on November 2020.[5] As of March 25, 2021, he had been held for nearly ninety (90) days in this case. The People did not oppose his release.[6]

//

//

//

//

Guam to sanctions for such violations and potentially invokes the canons of the Guam Rules of Professional Conduct.

[4] *Order After Hearing RE. "Good Cause" to Toll Speedy Trial Clock; Tentative Ruling on Motion to Dismiss; Briefing Schedule* (March 25, 2021) as amended by *Amended Order After Hearing RE. "Good Cause" to Toll Speedy Trial Clock; Tentative Ruling on Motion to Dismiss; Briefing Schedule* (March 26, 2021)(referred to herein as "Amended Order").

[5] Because Defendant is released in this case, the trial court must take the matter to trial within sixty (60) days of the assertion, subject to all applicable tolling, including the tolling under the last Administrative Order as well as the tolling as a result of the motion to dismiss.

[6] Defendant continues to be held in CF0054-21 under his alias Tino Salamon (Possession of Schedule II Controlled Substance). The matter is assigned to the Honorable Anita Sukola.

*People of Guam v. Iustino Chiro,* CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 6 of 19

## LEGAL DISCUSSION

### I. The Government's Undisputed Failure to Comply with the Deadlines Set Forth in the Asserted Criminal Trial Scheduling Order Subjects the People to Sanctions.

It is undisputed that the People failed to comply with the discovery cutoff date set forth in the Asserted Criminal Trial Scheduling Order. The Court expressed its concern that, since Defendant's arraignment on February 4, 2021, until his continued pre-trial conference on March 25, the People failed to provide Defendant with discovery in a case that was originally filed in 2005 and for which discovery should be readily available.

Pursuant to the Asserted Criminal Trial Scheduling Order of February 15, 2021, the Court set the discovery deadline at February 23, 2021. During the Pre-Trial Conference on March 23, 2021, Defendant first complained of not receiving *any* discovery; therefore, the Court ordered the People to *immediately* provide defense counsel discovery and continued the pre-trial conference to March 25. *Hrg. Min.* at 9:41:39 (March 23, 2021). The People provided the 12-page police report to Defendant within 48 hours, on March 25.

It should be obvious, however, that providing a Defendant in a felony case with the prosecution's evidence against him more than a month after the discovery cut-off date and, only after the People has extended a plea offer, and further, only after ordered to do so on the day of a continued pre-trial conference less than one week prior to trial, is illustrative of the prejudice potentially suffered by the defendant upon his ability to adequately prepare for his defense. Defense Counsel cannot be expected to adequately advise his client whether to accept or reject an offer or, indeed, how to advise his client at all, without having the benefit of reviewing the evidence of the People's case against him. However, as the Court noted in its Amended Order, the dismissal of two counts of Aggravated Assault (As a 3d Degree Felony) for the government's

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 7 of 19

violation of a valid court order (here, the trial scheduling order and, specifically, the discovery deadline) is a severe remedy. Courts facing this important question are cautioned to consider alternate sanctions so as to "affect the evidence at trial and the merits of the case as little as possible." *People v. Tuncap,* 1998 Guam 13 ¶ 23.

However, the Court is frustrated with the People's failure, time and time again, to comply with the court-ordered deadlines in its Criminal Trial Scheduling Orders. The People have too often failed to file an opposition or other responsive brief in criminal cases where a defendant seeks the suppression of evidence, dismissal of charges, or other court order that has a substantive impact upon the prosecution of the criminal case. *See,* footnote 3, *supra.* The People have not filed its Witness List (due March 2, 2021), nor its Exhibit List or Exhibit Binders (due March 23, 2021) on this asserted trial. Despite such failures, the Court is required to consider alternatives to dismissal, as instructed by the Supreme Court in *Tuncap* and its progeny.

Based upon the repeated failure of the People to comply with the deadlines set forth in the Asserted Criminal Trial Scheduling Order and the Amended Order as well as the briefing schedule for the instant motion, the Court finds sanctions against the People are warranted. The Court must now consider whether the People's failures are so egregious as to warrant dismissal of the Indictment against the Defendant, notwithstanding *Tuncap.*

## II. When a Party Violates Discovery Obligations, The Court Must Apply The Appropriate Remedy.

The Guam Supreme Court recently addressed the People's failure to comply with discovery deadlines in the case of *People of Guam v. Nego,* 2021 Guam 3 (May 25, 2021). The Court borrows from the succinct summary of applicable discovery rules and statutes in criminal cases as stated therein, as follows:

*People of Guam v. Iustino Chiro,* CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 8 of 19

> Discovery in criminal matters is governed by Chapter 70 of Title 8 of the Guam Code Annotated. See 8 GCA §§ 70.10-70.80 (2005). Under 8 GCA § 70.10(a), the People must, upon the court's order, disclose to defense counsel "material and information within [the People's] possession or control, the existence of which is known, or by the exercise of due diligence may become known to the [People]." 8 GCA § 70.10(a). This material includes "any book, paper, document, photograph or tangible object, which the [People] intend[ ] to use [at] trial." Id. § 70.10(a)(4). The People's obligation under our jurisdiction's criminal discovery statute extends "to any material information in the possession or control of members of [the prosecution's] staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to th[e] case have reported to [the OAG]." Id. § 70.10(b).

*Nego* at ¶ 13 (brackets in original). As recognized by the Guam Supreme Court in *Tuncap*, Guam's discovery statutes were based largely upon the ABA Model Standards for Criminal Justice, one of the goals of which was to process cases using expedited procedures. *Id.* at ¶ 17. Title 8, Guam Code Annotated, Sections 70.10 – 70.45 set out an extensive list of discoverable items and includes the police reports which are material under 8 GCA § 70.10(b).

During the arraignment on February 4, 2021,[7] the People were ordered to disclose discovery to defense counsel which, under 8 GCA §. 70.10(a), consists of "material and information within [the People's] possession or control, the existence of which is known, or by the exercise of due diligence may become known to the [People]." Based upon Defendant's assertion, the Court set Jury Selection and Trial to commence on March 31, 2021. However, all discovery was ordered to be exchanged by February 23, 2021, which would have been *one month* prior to trial. No discovery had been provided to defense counsel by the pre-trial conference one month later, and the underlying police reports were provided to counsel only after the Court ordered the People to immediately produce such discovery on March 25 – *twenty-eight* days after the discovery cut-off date and *six* days prior to the scheduled trial.

---

[7] As previously noted herein, the arraignment in this case was belated by approximately 16 years due to Defendant absconding from the supervision of the Court, requiring the judge to issue a bench warrant for his arrest in 2005.

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 9 of 19

*Nego* directs trial courts to consider the appropriate sanction to remedy a violation of the discovery obligations of the parties in a criminal case, which "requires that the sanction chosen be 'proportionate to the misconduct' and 'affect the evidence at trial and the merits of the case as little as possible." *Id.* at ¶ 15 (citing *People v. Martinez*, 2017 Guam 23 ¶ 14; quoting *Tuncap*, 1998 Guam 13 ¶ 23). Sanctions may include "granting a continuance, prohibiting the party from introducing the belated disclosures as evidence, holding counsels in contempt (including the Attorney General and/or Chief Prosecutor), imposing fines, dismissing the indictment, or issuing any other order the trial court considers just under the circumstances." *Id.* (citing *People v. Naich*, 2013 Guam 7 ¶¶ 27-32). Because the goal of sanctions is to get "prompt and full compliance with the court's discovery orders," the court should "impose the least severe sanction that will accomplish the desired result [of] prompt and full compliance" with the parties' discovery obligations. *Tuncap*, 1998 Guam 13 ¶ 24 (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)).

## A. The Court Must Apply the *Sarcinelli* Factors in Considering a Dismissal Based on Discovery Failures.

As Defendant notes in his motion, Guam law provides the court with authority to sanction a party which has failed to comply with a court order such as the instant Scheduling Order, and provides as follows:

> If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this Chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances.

8 GCA § 70.45. However, in applying sanctions for such violations, courts are cautioned to determine "whether the sanction employed to remedy the infraction was appropriate." *People v. Tuncap*, 1998 Guam 13 ¶ 23. As the Guam Supreme Court has recognized, "it seems better

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 10 of 19

policy for the court 'to apply sanctions which affect the evidence at trial and the merits of the case as little as possible.'" *Id.* (citing the Note to 8 GCA § 70.45). Moreover, the Guam Supreme Court has adopted the Fifth Circuit's rationale in *United States v. Sarcinelli* which requires the court to "impose the *least severe sanction* that will accomplish the desired result – prompt and full compliance with the court's discovery orders." *Id.* ¶ 24 (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir.1982))(emphasis added).

In support of Defendant's motion, Defense Counsel outlines the actions (or non-actions) of the People which justify dismissal:

> In this case, Mr. Chiro requested the disclosure of discovery at his arraignment on February 11, 2021, but nothing was provided. The government indicated an intent to provide discovery after the pre-trial conference on March 23, 2021, and nothing was provided. Mr. Chiro did not have any discovery prior to the motions deadline in this case and did not have notice of any witnesses or facts to assist in the preparation of court ordered trial documents prior to their deadline. Mr. Chiro's counsel has not had sufficient evidence in order to even screen the case for conflicts.

Mot. at 2 (March 25, 2021).[8] For such failures, Defendant proffers that dismissal is "the only appropriate relief." *Id.*

Because the sanction of dismissal is a disfavored remedy, the Court's must carefully consider whether the People's failures and violations justify dismissal under the *Sarcinelli* factors, which are: 1) reasons why the disclosure was not made; 2) the extent of the prejudice, if any, to the opposing party; 3) the feasibility of rectifying that prejudice by a continuance, and 4) any other relevant circumstances. *Tuncap* at ¶ 25, 26 (citing *People v. Marada*, Crim. No. CR94–00070A, 1995 WL 604365 (D.Guam App. Div. Sept. 18, 1995) (citation omitted)("Indictments are rarely dismissed for alleged government misconduct which occurs outside the indictment

---

[8] Defense Counsel indicates that Defendant was arraigned on February 11; however, Defendant was arraigned on February 4, 2021. The Defendant was before the undersigned Court on February 11 for a trial setting of this matter. *Criminal Trial Setting* (Feb. 11, 2021).

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 11 of 19

process because such misconduct must be 'grossly shocking and so outrageous as to violate the universal sense of justice.'")). The Court addresses these factors in turn.

### 1. Reasons why the disclosure was not made.

The People have not provided any reason, neither at the pre-trial conference nor during the continued pre-trial conference, as to why the police reports (which arguably constitute the bare minimum discovery in any criminal case) were not disclosed to defense counsel until six days prior to trial. As Defense Counsel notes in the motion to dismiss, "Mr. Chiro did not have any discovery prior to the motions deadline in this case and did not have notice of any witnesses or facts to assist in the preparation of court ordered trial documents prior to their deadline. Mr. Chiro's counsel has not had sufficient evidence in order to even screen the case for conflicts."

Prejudice to the Defendant for the failure to provide the police reports has resulted in a delay of the asserted trial in this matter, both to permit the court to address the motion to dismiss, as well as any further delay occasioned by the filing of any motion to suppress (which defense counsel has indicated he is considering filing). It has also compromised defense counsel's ability to determine whether any conflicts exist in continuing representation and in counsel's ability to prepare for trial, given that it did not have the evidence contained in the police reports, and to conduct an investigation in order to properly advise his client about whether to accept the people's plea offer.

Unlike the failures noted in *Nego, People v. Martinez,* 2017 Guam 23, and *People v. Naich,* 2013 Guam 7, where mistakes were attributable to the Guam Police Department in failing to provide the prosecution with complete files and records, and dismissal was found to be inappropriate, the only discovery material at issue here is the 12-page police report which was in the People's possession, but never served upon defense counsel. While this act appears to be

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 12 of 19

negligence on the part of the People, rather than bad faith or purposeful intent to withhold evidence, the People were in possession of hard copies of the police report during the March 23 pre-trial conference, but did not serve it upon defense counsel until March 25. As the Defendant has asserted his right to speedy trial, every single lost day is significant and prejudicial against the Defendant. Consideration of this factor favors the Defendant, given that the People's failure to comply with the discovery order significantly compromises his right to a speedy trial.

## 2. Extent of the prejudice, if any, to the opposing party.

Defendant claims that the People's failure to provide *any* discovery as ordered at arraignment and, subsequently, pursuant to the Asserted Criminal Trial Scheduling Order has compromised his ability to prepare for trial, to file motions prior to the motions cutoff date set in the Trial Scheduling Order, to investigate the witnesses and facts contained in discovery and affects Defendant's ability to comply with all court-ordered deadlines. Moreover, until provided the police reports, counsel was unable to conduct a conflicts check in order to determine whether any ethical conflicts prohibit the Public Defender Services Corporation from continuing to represent Defendant. As Defendant argues, all of these delays compromise Defendant's right to a speedy trial.

While the Court agrees that the delay in providing discovery to defense counsel also delayed counsel's ability to run conflicts checks, immediately prepare for an adequate defense and evaluate an offer to resolve the case without trial, the Court does not find prejudice arising to the level requiring the severe sanction of dismissal in this case. Although the Court finds the People's late disclosure of discovery subjects it to sanctions, the discovery in this case is not voluminous and consists only of a 12-page police report. Thus, had the matter proceeded to trial as scheduled on March 31, 2021, counsel would have had the statutory minimum of *five* days

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 13 of 19

under 8 GCA § 80.40 to prepare for trial.[9] The Court finds that the statutory five days is presumptively sufficient to prepare for trial, as recognized by the Guam Legislature. The Court points out that the trial of this matter has been delayed, in effect, due to Defendant's motion to dismiss, which tolls the speedy trial clock "for the time period during which the court with promptness and diligence considered the motion." *Quinata v. Superior Court of Guam*, 2010 Guam 8 ¶ 35.

Generally speaking, delay that is "caused by the conduct of the defendant" or intended "for the defendant's benefit" constitutes good cause. *People v. Guerrero*, 2017 Guam 5 ¶ 17 (citing *Flores*, 2009 Guam 22 ¶ 32 (citing Johnson, 606 P.2d at 746); *People v. Ibanez*, DCA 91–0001A, 1992 WL 97221, at * 2 (D. Guam App. Div. Apr. 16, 1992); see also *Carver v. Superior Court of Guam (People)*, 1998 Guam 23 ¶¶ 14–16). Thus, assuming that the only discovery is the 12-page police report, the delay occasioned by the Court's careful consideration of Defendant's motion to dismiss for discovery violations inures to Defendant's benefit while providing more than ample time to prepare for trial.

Moreover, the original delay in the prosecution of this case is solely attributable to the Defendant's failure to appear for his arraignment in this case and to have evaded arrest on an outstanding warrant for nearly 16 years. Despite now exercising his right to a speedy trial, the Defendant clearly had a significant role in the failure of the People to prosecute and for the courts to speedily adjudicate this case against him. Once he was released on his own recognizance, he failed to check into probation, failed to appear for his arraignment, and for months, absconded from the supervision of the court until his recent arrest and revocation of pre-

---

[9] 8 GCA § 80.40. Defendant's Preparation Time. The defendant is entitled to at least five (5) days after entering his plea to prepare for trial but he may waive any part of such time.

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 14 of 19

trial release in February 2021. The Court finds these factors to favor the People and against the dismissal of the Indictment.

Finally, the Court *sua sponte* released the Defendant in this case, although he is being held in a new matter. Thus, Defendant is not confined in the instant case and suffers no prejudice in this regard. This factor weighs in favor of the People.

### 3. Feasibility of rectifying that prejudice by a continuance.

In *Nego,* the Defendant argued that continuing the trial in order to allow him to review the belatedly disclosed photographs would not rectify the negative impact on his right to a speedy trial because the delay, in and of itself, "would have given rise to dismissal pursuant to Guam's speedy trial statute." *Nego* at ¶ 23. The Guam Supreme Court disagreed that dismissal pursuant to the speedy trial statute would have resulted and found that "the court could have granted a short continuance while still respecting Nego's speedy trial rights." *Id.*

In this case, the delay in bringing this matter to trial was first occasioned by the Defendant's behavior in absconding from the supervision of the court and later, in considering the instant motion to dismiss, both of which are attributable to the Defendant's conduct or to his benefit. Moreover, during the "under advisement" period, the Defendant has had ample opportunity to prepare for trial. The Court finds this factor weighs in favor of the People.

### 4. Any other relevant circumstances.

The People have no good reason for the untimely disclosure of discovery. Arguably, the People have had nearly 16 years to prepare the discovery for service upon defense counsel. No explanation has been offered for the delay and the Court finds Defendant's complaints to be well-founded. However, there is no indication that the People have acted in bad faith or are

*People of Guam v. Iustino Chiro,* CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 15 of 19

purposely withholding material information despite their dilatory performance in preparing this case for trial.

Nevertheless, the Guam Supreme Court in *Nego* has not closed the door on the possibility of dismissal where the particular circumstances of a case dictate its appropriateness. In this regard, the High Court has left it to the trial courts, which it deemed "are the more appropriate venue to rectify and impose sanctions for specific and/or endemic discovery violations" and to "fashion a remedy to resolve the 'endemic' problems of discovery violations." *Nego* at ¶ 25 (citing *Naich*, 2013 Guam 7 ¶¶ 43-45).

In this particular case, the Court provided the People with ample opportunity to justify the failure to disclose material discovery to the defense counsel as ordered during the arraignment as well as pursuant to the Asserted Criminal Trial Scheduling Order. In its Order and *Amended* Order of March 26, 2021, the Court ordered the People to file its Opposition to the instant Motion to Dismiss, instructing in its tentative decision, as follows:

> The People must also provide the Court with controlling or, at a minimum, persuasive legal authority supporting any opposition to the dismissal and, specifically, any compelling reason why the Court should not dismiss the Indictment for the People's failure to provide discovery (as mandated by 8 GCA § 65.23 and 70.45, the applicable rules regarding discovery as well as the Court's orders) or otherwise comply with the filing deadlines set forth in the Asserted Criminal Trial Scheduling Order.

As of the issuance of this Decision and Order, the People have not filed any Opposition or response to the motion to dismiss. This factor weighs in favor of Defendant.

However, the Court is guided as well by the Guam Supreme Court's cautionary instruction against dismissal as a disfavored remedy. Considering these mandates, the Court explains its ruling, below.

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 16 of 19

## CONCLUSION

The Court's March 26 Amended Order contained a briefing schedule establishing deadlines by which the People were ordered to file an Opposition to the Defendant's Motion to Dismiss. The Defendant had an opportunity to submit his Reply. The Court indicated in its Amended Order that it would take the matter under advisement upon the closing of the pleadings on April 2. The Court had anticipated that the People would file its Opposition in which it would explain or otherwise justify its delay in providing discovery to defense counsel, as well as provide legal authority for the proposition that dismissal is not the appropriate remedy. Unfortunately, the People did not. Thus, the Court has been tasked, yet again, with anticipating the arguments which would have been advanced by the People had the People filed a responsive brief. While the Court was preparing to issue its Decision and Order, on May 25, 2021, the Guam Supreme Court issued its Opinion in *People v. Nego* on which this Court relies heavily in rendering its decision herein.

The Court is keenly aware that dismissals are a disfavored remedy. The Guam Supreme Court has continued to emphasize that trial courts must fashion an appropriate alternative to dismissal for discovery violations. On the other hand, the Guam Supreme Court recognizes that trial courts are best positioned to address endemic or systematic and continued failures of the Office of the Attorney General to comply with its statutory and court-ordered (as well as ethical) obligations to timely disclose materials covered under the Guam criminal discovery statutes.

The Court continues to be frustrated by the People's lack of response in this case and its continuing disappointing efforts at preparing cases for trial, including this one (where no witness lists or exhibits have been submitted as ordered). The Court has too often observed the passage of months and sometimes over a year before the People commence plea negotiations with the

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 17 of 19

Defendant. These are the "endemic" issues which the Guam Supreme Court has licensed courts with addressing by imposing an appropriate sanction, including dismissal of an indictment or complaint, against the People.

But the trial court must balance the lackadaisical efforts of the People in this case with the interest of the community in prosecuting criminal offenses, particularly in cases, such as here, where a grand jury has returned a true bill indicating reasonable cause to bring a defendant to trial. Under the circumstances, the Court finds that the People have not its job in this case. However, the Court must consider whether this misconduct is "'grossly shocking and so outrageous as to violate the universal sense of justice.'"[10] Under a different set of circumstances, the Court might have so found. However, the Court also finds that the Defendant, by evading service for nearly 16 years, then being returned to the court's supervision, only to abscond once again so that the court was forced to issue another warrant, is just as equally responsible for the delay of the adjudication of the charges against him.

For the reasons set forth herein, the Court denies Defendant's Motion to Dismiss. In light of Defendant's continued assertion of his right to speedy trial the People are **ORDERED** to **IMMEDIATELY** file with the Court and serve upon Defendant its Witness List, Exhibit List and all trial binders, or be subjected to additional sanctions which may include "holding the [People's] attorney in contempt and punishment by personal fines[,] ... holding the Chief Prosecutor or Attorney General in contempt and levying fines, initiating disciplinary action by reference to the bar, or chastising counsel in a public opinion." *Tuncap* at ¶ 28. Following the admonition contained herein which the Court imposes as a sanction for the initial violation, the

---

[10] *People v. Tuncap*, 1998 Guam 13, ¶ 26 (citing *People v. Marada*, Crim. No. CR94–00070A, 1995 WL 604365 (D.Guam App. Div. Sept. 18, 1995) (quoting *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir.1991) *quoting United States v. Ryan*, 548 F.2d 782, 789 (9th Cir.1976), *cert. denied* 430 U.S. 965, 97 S.Ct. 1644, 52 L.Ed.2d 356 (1977).

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 18 of 19

People are on notice that future sanctions may include suppression of the evidence (including witness testimony) at trial or the severe sanction of dismissal.

**JURY SELECTION** of this matter shall be held on **WEDNESDAY, JUNE 16, 2021 at 9:30 a.m.** The evidentiary portion of the trial of this matter shall be scheduled thereafter upon availability of a courtroom which complies with the social distancing mandates during the COVID-19 pandemic and ongoing public health emergency.

SO ORDERED this 9th day of June, 2021.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, POSC

Date: 6/9/21  Time: 5:32pm

Antonio __ Cruz
Deputy Clerk, Superior Court of Guam

*People of Guam v. Iustino Chiro*, CF0059-05
*Decision and Order Re. Defendant's Motion to Dismiss*
Page 19 of 19